**UNITED STATES of America,**
**Plaintiff,**

v.

**Carvus Andrew BYRD, Jr., d/b/a Byrd's**
**Bait and Tackle # 1, Defendant.**

No. 5:99–CV–21–B0(2).

United States District Court,
E.D. North Carolina,
Western Division.

Feb. 27, 2000.

---

derlying action alleges that Defendant presented illegally acquired food stamps to a financial institution, causing a false claim to be presented to the United States Government in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*

## BACKGROUND

Defendant Byrd, doing business as Byrd's Bait and Tackle # 1, applied to participate in the United States Department of Agriculture ("U.S.D.A.") Food Stamp Program and was authorized to do so on November 28, 1989. Defendant withdrew from the Program on February 8, 1996. Subsequent to his withdrawal, and thus without authorization, Defendant accepted food stamp coupons and allegedly redeemed them at a financial institution between February 8, 1996 and January 29, 1997. Defendant allegedly redeemed illegally accepted food stamp coupons on 264 occasions, for a total of $85,012 in false claims.

Defendant pled guilty to food stamp fraud in violation of 7 U.S.C. § 2024(b), which prohibits the illegal "use, transfer, acquisition, alteration, or possession" of food stamps. On January 13, 1999, he was sentenced to twenty-seven (27) months imprisonment and three (3) years of supervised release, and ordered to pay a fine of $50,000 and restitution of $335,263.20 to the U.S.D.A. Food and Nutrition Service.

The Government filed suit for violation of the False Claims Act, specifically 31 U.S.C. § 3729(a)(2), on January 13, 1999. On March 19, 1999 Defendant filed his Motion to Dismiss. On August 6, 1999, the United States filed the pending Motion for Summary Judgment and on October 4, 1999 Defendant responded. The motions are fully briefed and ripe for ruling.

Stephen A. West, United States Attorney, Eastern District of NC, Raleigh, NC, for United States of America, plaintiffs.

Namon Leo Daughtry, James B. Ethridge, Luther Donald Starling, Jr., Daughtry & Starling, Smithfield, NC, for Carvus Andrew Byrd, defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment. The un-

## ANALYSIS

The Food Stamp Program was enacted by Congress promote good nutrition among low-income households. Food Stamp Act of 1977, 7 U.S.C. § 2011. Fed-

eral law provides that food stamp coupons may only be used to purchase food in retail food stored which have been approved for participation in the Food Stamp Program by the U.S.D.A. 7 U.S.C. § 2016(b). In order to participate in the Program, retail food stores must apply to the U.S.D.A. in accordance with applicable regulations. 7 U.S.C. § 2018(a); 7 C.F.R. 278.

The False Claims Act imposes civil penalties upon any person who knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government. 31 U.S.C. § 3729(a)(2). The Government alleges that Defendant deliberately presented or caused fraudulent claims to be presented to the United States Government, and accepted some form of benefit or remuneration based upon these claims which Defendant knew or should have known were false. The Government alleges that, as a result of Defendant's 264 separate acts, the United States was damaged in the amount of $85,-012, the total face value of the food stamp coupons redeemed by the Defendant.

The False Claims Act authorizes treble damages and a penalty of between $5,000 and $10,000 *per false claim.* Thus, the Government seeks treble damages of $255,036 and the maximum $10,000 penalty per each of the 264 false claims, for a total of $2,895,036. In its Memorandum of Law, the Government indicates its willingness to limit its request to the minimum amount authorized by the False Claims Act, which would result in treble damages of $255,036 and a $5,000 penalty per each of the 264 false claims, for a total of$1,575,036 in damages and penalties.

### A. Defendant's Motion to Dismiss

A Rule 12(b)(6) motion to dismiss functions to test the legal sufficiency of the complaint. *See Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). In acting on a motion to dismiss under Rule 12(b)(6), a court must assume all of the well-pleaded allegations in the complaint to be true. *See id.* When considered in this light, the complaint withstands a Rule 12(b)(6) motion if the facts, along with the essential elements of the cause of action alleged, properly state grounds upon which relief can be granted. *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Alternatively, a motion to dismiss under Rule 12(b)(6) should be granted when it is clear that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See id.*

■ Defendant argues that "the Government seeks statutory penalties ... for the same offense to which Defendant plead guilty on January 13, 1999." *Defendant's Motion and Answer* at 5. This contention is incorrect. The indictment to which Defendant plead guilty charged the Defendant with the illegal *acquisition* of food stamps in violation of 7 U.S.C. § 2024(b). The statutory penalties sought by the Government here, however, pertain to the false claims presented to the Government as a result of the illegal *redemption* of these stamps. 31 U.S.C. § 3729. These are separate laws, violated by separate acts and imposing separate penalties. They cannot be grouped together as a single offense for double jeopardy purposes, as Defendant proposes.

Defendant next claims that the fines sought by the Government violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." In an unpublished 1995 opinion, the Fourth Circuit Court of Appeals noted that "the Supreme Court has provided no guidance as to what an excessive fine might be, although fines must be carefully scrutinized because they benefit the government." *U.S. v. Hicks,* 46 F.3d 1128 (4th Cir.1995).

Since that time, the Supreme Court has issued a single decision pertaining to the

Excessive Fines Clause. In analyzing the applicability of the Clause to a forfeiture case, the Court cautioned that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature ... any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise." *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 2030–1, 141 L.Ed.2d 314 (1998). Nonetheless, the Court stated that: "until today ... we have not articulated a standard for determining whether a punitive forfeiture is constitutionally excessive. We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334, 118 S.Ct. at 2036.

 This Court adopts the *Bajakajian* standard for the purpose of analyzing the appropriateness of the fines in question. Having examined Defendant's alleged conduct and the penalties provided under 31 U.S.C. § 3729(a)(2), this Court finds that the prescribed fines are not grossly disproportional to the gravity of the Defendant's alleged offense, and thus do not violate the Excessive Fines Clause. Congress has set forth penalties that reflect the frequency and extent of a defendant's false claims submissions. These penalties are clearly meant to deter such behavior, and their application here serves to protect the Food Stamp Program. They do not rise to the "grossly disproportional" levels proscribed by *Bajakajian* and the Excessive Fines Clause.

For these reasons, Defendant's Motion to Dismiss must fail.

*B. Government's Motion for Summary Judgment*

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. Fed. R.Civ.P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Id.* at 324, 106 S.Ct. 2548 (1986). The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The False Claims Act is violated by any person who knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government. 31 U.S.C. § 3729(a)(2).

 The relevant facts are not in dispute. The evidence clearly shows that Defendant was not authorized to accept food stamps between February and October of 1996, the relevant period Defendant does not dispute the allegation that he presented the stamps in question to a bank for redemption, or that redemption without authorization was not allowed. Defendant's argument that he did not "knowingly" submit the stamps for unauthorized redemption is belied by the fact that he withdrew from the food stamp program prior to redeeming the stamps.

Even when viewed in the light most favorable to the Defendant, this evidence cannot support an inference that Defendant's unauthorized redemption of food stamps was other than "knowing." Thus, this Court can find no genuine issue of material fact for trial.

Defendant has failed produce evidence to rebut the Government's demonstration that no genuine issue of material fact exists. Therefore, the Government's Motion for Summary Judgment will be granted.

*CONCLUSION*

After full consideration of the parties' arguments, and for the reasons discussed above, the Defendant's Motion to Dismiss is DENIED. The Government's Motion for Summary Judgment is GRANTED. Defendant is ordered to pay trebled damages totaling $255,036. Additionally, Defendant is ordered to pay the minimum penalty of $5,000 per each of the 264 separate offenses, for a total of $1,320,000 in penalties.

SO ORDERED.